IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WC 8120 RESEARCH, LP | § | CASE NO. 1:20-bk-11106 |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | |

**BANCORPSOUTH BANK'S OBJECTION TO DEBTOR'S MOTION FOR INTERIM AND FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION**

**To the Honorable Tony M. Davis, United States Bankruptcy Judge:**

COMES NOW, BancorpSouth Bank ("**BancorpSouth**") and files this its' Objection to Debtor's Motion for Interim and Final Order Authorizing Use of Cash Collateral and Providing Adequate Protection and would show as follows:

1. BancorpSouth Bank is the successor by merger to First State Bank Central Texas and is the first lienholder of the Debtor's real property. On November 14, 2017, the Debtor executed two promissory notes payable to First State Bank Central Texas, one in the amount of $3,974,566.00 and the second in the amount of $925,434.00. As of the filing date, the outstanding amount due on each note was $3,760,392.36 and $421,218.69. Both notes matured on November 14, 2020 and both now accrue interest at the default rate of 18% per annum. The notes are secured, by and among other things, two Deeds of Trust, Security Agreements and Financing Statements recorded under Travis County Clerk's File No. 2017182594 and 2017182595. As of the maturity date, the respective payoffs are $3,780,431.73 and $423,689.09. BancorpSouth is entitled to default interest rate from maturity date. *Matter of Southland Corp.,* 160 F.3d 1054 (5th Cir. 1998); *In re Dow Corning Corp.,* 456 F.3d 668, 679 (6th Cir. 2006) ("absent compelling equitable considerations, when a debtor is solvent, it is the role of the bankruptcy court to enforce the

1

creditor's contractual rights."); *In re Ultra Petroleum Corp.,* 2020 WL 6276712, at *16-17 (Bankr. S.D. Tex. Oct. 26, 2020) (J. Isgur) (recognizing that default interest rate appropriate in the solvent debtor exception). After November 14, 2020, per diem interest on the notes is $1,864.32 and $208.94 respectively, for an aggregate daily interest of $2,073.26. Based on a thirty (30) day month interest due on the notes is $62,197.80.

2. BancorpSouth Bank does not object to the use of cash to pay legitimate post-petition expenses; however, the Debtor appears to be paying insiders, affiliates and pre-petition unsecured creditors. For example, the anticipated payments for:

    a) Electric

    b) Sewer/wastewater; and

    c) Water

Include, upon information and belief, pre-petition amounts.

3. Upon information and belief, payments for property management fees, clerical office, manager are actually payments to insiders.

4. This Debtor has continuously been less than transparent in its affairs. If it wishes to pay pre-petition unsecured creditors, and insiders, or affiliates, it should advise its lender and the Court.

5. Based on the anticipated cash flow of this Debtor after the possible collection of pre-petition rents (January 2021), this Debtor will barely have sufficient cash flow to pay a mortgage.

6. The Debtor should be required to actually fund on a monthly basis a segregated ad valorem tax escrow and BancorpSouth should have a lien on that ad valorem tax escrow account and the Debtor should be required to pay on the note due to BancorpSouth.

7. There are no significant creditors of this case other than BancorpSouth, and the Debtor should not be allowed to shift the risk of reorganization onto BancorpSouth.

8. Before insiders and affiliates of the Debtor are paid, the Debtor should pay the interest as it accrues on the debt.

WHEREFORE PREMISES CONSIDERED, BancorpSouth Bank believes the Debtor's use of cash collateral should be limited to legitimate post-petition creditors and not to insiders or affiliates, and that BancorpSouth should be receiving monthly payments, additionally, BancorpSouth should have a lien on the tax escrow account and all of the Debtor's DIP account(s).

Respectfully submitted this 9th day of December, 2020.

HIRSCH & WESTHEIMER, P.C.

By: */s/ Michael J. Durrschmidt*
Michael J. Durrschmidt
Texas Bar No. 06287650
Brian A. Buescher
Texas Bar No. 24107717
1415 Louisiana, Floor 36
Houston, Texas 77002
Telephone: 713-220-9165
Facsimile: 713-223-9319
E-mail: mdurrschmidt@hirschwest.com
E-mail: bbuescher@hirschwest.com

**COUNSEL FOR BANCORPSOUTH BANK**

**CERTIFICATE OF SERVICE**

    I, Michael J. Durrschmidt, hereby certify that on the 9th day of December, 2020, a copy of the foregoing Objection was served via first class mail, postage prepaid, and/or via the Clerk of the Court through the ECF system.

Mark H. Ralston
Fishman Jackson Ronquillo, PLLC
13155 Noel Road, Suite 700
Dallas, Texas 75240

Jason A. Starks
Assistant County Attorney
P.O. Box 1748
Austin, Texas 78767

                                        */s/ Michael J. Durrschmidt*
                                        Michael J. Durrschmidt